UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOE J. DIPASQUALE and wife<br>BRENDA DIPASQUALE, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | NO. 2:15-CV-161 |
| THE MAIN STREET AMERICA GROUP | )<br>)<br>) | |
| Defendant. | ) | |

## MEMORANDUM OPINION and ORDER

This breach of contract matter is before the Court to address a Motion to Remand filed by the plaintiffs, Joe J. Dipasquale ("Mr. Dipasquale) and Brenda Dipasquale . [Doc. 9]. The plaintiffs contend that the requirements for removal in 28 U.S.C. §1332(a) have not been met because there is no diversity of citizenship in this case and the amount in controversy is less than $75,000.00. The defendant, The Main Street America Group, has filed a response asserting that, at the time of the loss, plaintiffs had established a domicile in Tennessee, or at the very least resided in, or was, a citizen of the State of Tennessee, because (1) the real estate owned by plaintiffs and the subject of this suit is located in Tennessee and (2) plaintiff Mr. Dipasquale has significant ties to Tennessee including a criminal conviction dating back to 2004 when he was arrested in Hawkins County, Tennessee, business filings including articles of incorporation, and at least six (6) civil suits filed against him between 2004 and 2013, all in Tennessee. [Doc. 11] This matter is now ripe for disposition. For the reasons set out herein, the plaintiffs' Motion to Remand will be granted.

1

## I. Background

Plaintiffs' complaint, filed on April 29, 2015, in the Circuit Court for Hawkins County, Tennessee states in ¶ 1 that "Plaintiffs are citizens and residents of the State of Florida with their principal place of residence of 300 Citrus Avenue, Daytona, Florida." [Doc. 1-1]. Plaintiffs' complaint seeks "[d]amages in the amount of $74,999.00, including penalty for bad faith penalties and attorney's fees."

On June 9, 2015, the defendant removed plaintiffs' complaint from state court citing diversity of citizenship as the basis for this Court's jurisdiction. In its Civil Cover Sheet, the defendant indicates: "I. (b) County of Residence of First Listed Plaintiff" is "Volusia County, FL." [Doc. 5]. In defendant's Notice of Removal, the defendant states in ¶ 1 that plaintiffs are "citizens and residents of Daytona, Florida." [Doc. 1]. In ¶ 2 of the Notice of Removal, the defendant goes on to explain:

> Defendant The Main Street America Group is not a legal entity. Main Street America Group Mutual Holdings, Inc. is the parent company / holding company of NGM. The proper party should be NGM Insurance Company ("NGM). The Main Street America Group is incorporated under the laws of the State of Florida with its corporate headquarters and principal. Plaintiffs have sued a non-entity. The proper entity should be NGM Insurance Company as stated on the insurance policy declarations page. NGM is incorporated under the laws of Florida with its corporate headquarters and principal place of business located at 4601 Touchton Road East, Jacksonville, FL 32246.

Thus, regardless of which is the proper defendant in this case, pursuant to 28 §1332(c), The corporations in question are "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," i.e., in this case Florida.

## II. Analysis

To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met. Ordinarily, the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship

"Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state." *Jerome–Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). The general rule is that diversity is determined at the time of the filing of a lawsuit. See *Smith v. Sperling*, 354 U.S. 91, 93 & n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); *Curry v. U.S. Bulk Transport, Inc.* 462 F.3d 536, 540 (6th Cir. 2006). Under §1441(b), diversity of citizenship must exist as to a party both at the time the state action is commenced and at the time the defendant files the petition for removal. *Kinney v. Columbia Savings & Loan Association*, 191 U.S. 78, 81, 24 S.Ct. 30, 31, 48 L.Ed. 103 (1903); *Easley v. Pettibone Michigan Corp*. 990 F.2d 905, 908 (6th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir.1986) (citing 14A Wright, Miller & Cooper, *Federal Practice and Procedure § 3723*, at pp. 312–14 (2d ed. 1985)). Although the defendant cites facts that may establish that plaintiffs had "a domicile in Tennessee, or at the very least resided in or was a citizen of the State of Tennessee," these factors existed "at the time of the loss" according to the defendant.[1]  Defendant does not assert that these factors establish that the plaintiffs had a

---

[1] According to the complaint, the loss occurred "on or about August 4, 2013. [Doc. 1-1].

domicile in the state of Tennessee at the time the state complaint was filed on April 29, 2015, or at the time the Notice of Removal was filed on June 9, 2015.[2]

The defendant does cite *Ford Motor Co. v. Collins*, No. 11–15011, 2011 WL 5877216, at *2 (E.D.Mich. Nov.23, 2011) (internal quotation marks and citations omitted), for the following proposition:

> When a party's domicile is in doubt, courts must utilize a totality of the circumstances, case-by-case approach, weighing a variety of relevant factors. Factors frequently taken into account include: **the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity**. No single one of these factors is dispositive, and the analysis does not focus simply on the number of contacts with the purported domicile, but also their substantive nature. (emphasis added)

However, the defendant failed to come forward with any information that any of these factors are present in this case which would establish the plaintiffs were actually domiciled in Tennessee rather than in Florida. The Court FINDS that the defendant has not met its burden of establishing plaintiffs are domiciled in Tennessee. Since all doubts as to the existence of federal jurisdiction are to be resolved against removal, the court will grant plaintiffs' motion to remand this case to state court. *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 549–50 (6th Cir.2006).

### B. Amount in Controversy

Because the defendant seeks removal, it bears the burden of proof and must initially demonstrate by a preponderance of the evidence that the amount in controversy exceeds the

---

[2] In fact, the factors cited by the plaintiff are all historical in nature including the Articles of Incorporation of Mr. Dipasquale's business, Five Star Handyman, Inc., which is now inactive and has been dissolved administratively. [Doc. 11-4].

jurisdictional threshold of $75,000. *Hayes v. Equitable Energy Res. Co*., 266 F.3d 560, 572 (6th Cir. 2001). "The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Shupe v. Asplundh Tree Expert Co*., 566 Fed.Appx. 476, 478-479 (6th Cir 2014), quoting *Nat'l Nail Corp. v. Moore*, 139 F.Supp.2d 848, 850 (W.D.Mich.2001)(citations omitted). Although the defendant contends that the policy limits in this case are $82,492.00, it asserts that NGM, the correct party in interest who issued the policy at issue, "has no idea as to how much or what type of damages plaintiffs now seek in this suit." [Doc. 11]. Therefore, the Court FINDS that the defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000, and this complaint must also be remanded for this reason.[3]

### III. Conclusion

Based upon the foregoing reasons, it is hereby **ORDERED** that the plaintiffs' Motion to Remand is **GRANTED**, and this case is **REMANDED** to the Circuit Court for Hawkins County, Tennessee.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[3] This Court must be guided by "[t]he general rule ... that the amount claimed in good faith by the plaintiff controls unless it appears to a legal certainty that the claim is for less than the jurisdictional amount...." *Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir.1983). In this case, although may be a stretch to believe the amount of $74,999.00 was claimed in good faith, it still remains the defendant's burden to show the amount in controversy exceeds $75,000.00.